IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD A. MOORE, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14CV3285 |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| SUPERVISIONS AND | § | |
| CORRECTIONS DEPT. and | § | |
| WILLIAM STEPHENS, Director | § | |
| TDCJ-CID, | § | |
|    Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

I.

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner challenges his convictions for possession of child pornography. He was sentenced to deferred adjudication probation.

On November 13, 2014, Respondent William Stephens, who is director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a motion to dismiss him as a respondent because TDCJ-CID does not have custody of Petitioner. Petitioner

instead is in the custody of the Dallas County Community Supervisions and Corrections Department.

The Court granted Petitioner until May 2, 2015, to file a response to the motion to dismiss. Petitioner has failed to file a response. Additionally, the Dallas County Community Supervisions and Corrections Department was served on February 27, 2015, and filed an answer on the merits on April 30, 2015.

II.

The Court hereby recommends that Respondent William Stephens' motion to dismiss him as a party be granted.

Signed this 13th day of May, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).