# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RONALD A. MOORE, | § | |
|     Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3285 |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| SUPERVISIONS AND | § | |
| CORRECTIONS DEPT. and | § | |
| WILLIAM STEPHENS, Director | § | |
| TDCJ-CID, | § | |
|     Respondents. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his deferred adjudication probation for nine counts of possession of child pornography.

Petitioner was initially charged with one count of possession of child pornography in Dallas County in cause number F04-73145. On August 8, 2006, the trial court granted Petitioner's motion to suppress evidence seized during the search of his home. The State filed an interlocutory appeal to the Fifth District Court of Appeals. On December 11, 2007, the Court of Appeals reversed the trial court and remanded.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -1-

On remand, the State charged Petitioner with eight additional offenses of possession of child pornography. Petitioner filed motions to suppress in the new cases, which the trial court denied. Petitioner subsequently pled guilty to the first case in cause number F04-73145, and pled *nolo contendere* to the eight additional cases, pursuant to plea agreements. The court deferred adjudication of guilt and placed Petitioner on ten years community supervision.

Petitioner appealed his deferred adjudication probation and the denial of his motions to suppress. On May 13, 2013, the Court of Appeals affirmed the trial court's judgment. On September 11, 2013, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review.

On September 11, 2014, Petitioner filed the instant § 2254 petition. He argues the state court violated his Fourth and Fourteenth Amendment rights when it denied his motions to suppress.

## II. Discussion

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Exhaustion**

Respondent argues that Petitioner's claims are unexhausted because Petitioner failed to file any state habeas petitions. A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner raised his current claims in his petitions for discretionary review. He therefore properly presented his claims to the Texas Court of Criminal Appeals. The Court declines to find Petitioner's claims unexhausted.

3.     **Search and Seizure**

Petitioner claims the denial of his motions to suppress violated his Fourth and Fourteenth Amendment rights because the search warrant affidavit was insufficient to support the warrant.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*.; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

In this case, Petitioner argues he did not have a full and fair opportunity to litigate his claims because the state appellate court did not consider the trial court's Findings of Fact and Conclusions of Law. The record shows that on August 8, 2006, the trial court granted Petitioner's motion to suppress in cause number F04-73145. (Pet. Appx. C.) On August 14, 2006, the State requested that the trial court enter Findings of Fact and Conclusions of Law. (Pet. Mem. at 5.) On August 23, 2006, the State filed its interlocutory appeal. (*Id*.) On April 30, 2007, the trial court entered its Findings of Fact and Conclusions of Law. (Pet. Appx. D.)

On December 11, 2007, the appellate court reviewed the State's appeal of the motion to suppress on the merits and reversed the trial court's order. (Pet. Appx. E.) The appellate court,

citing TEX. R. APP. P. 25.2(g), stated that it disregarded the trial court's April 30, 2007, Findings of Fact and Conclusions of Law. The appellate court stated that under Rule 25.2(g), once the record was filed in the appellate court, proceedings in the trial court were suspended until the appellate court issued its mandate. (*Id*. at 4 n.5.) The record was filed in the appellate court on March 2, 2007. (*Id*.) The trial court's Findings of Fact and Conclusions of Law was not entered until April 30, 2007. The appellate court therefore did not consider the trial court's Findings of Fact and Conclusions of Law.

The fact that the appellate court disregarded the trial court's April 30, 2007, Findings of Fact and Conclusions of Law does not establish that Petitioner was denied a full and fair opportunity to litigate his Fourth Amendment claims. The appellate court reviewed the motion to suppress on the merits. Petitioner had the opportunity to file his arguments with the appellate court, and he did in fact file his briefing with the appellate court. Further, to the extent Petitioner argues the appellate court erred in adjudicating his claim, such a claim does not overcome the *Stone* bar. *See Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (applying *Stone* where the Court of Criminal Appeals denied petitioner's motion to supplement his appeal and where the state habeas court failed to hold a hearing on petitioner's ineffective assistance of counsel claim) (citing cases); *Janecka*, 301 F.3d at 321 (applying *Stone* where petitioner claimed the Texas Court of Criminal Appeals overlooked his Fourth Amendment claim). Petitioner has failed to overcome the *Stone* bar.

**III.  Recommendation**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 23rd  day of  September,  2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).